TOWNSHIP OF LITTLE FALLS, BOROUGH OF POMPTON LAKES, BOROUGH OF RINGWOOD, BOROUGH OF TOTOWA, BOROUGH OF WANAQUE, TOWNSHIP OF WAYNE, TOWNSHIP OF WEST MILFORD AND BOROUGH OF WEST PATERSON, PETITIONERS-RESPONDENTS, v. PASSAIC COUNTY BOARD OF TAXATION, COUNTY OF PASSAIC, AND ALL OTHER TAXING DISTRICTS OF THE COUNTY OF PASSAIC, RESPONDENTS-RESPONDENTS, AND CITY OF CLIFTON, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 18, 1976—Decided February 6, 1976.

Before Judges LYNCH, LARNER and FULOP.

*Mr. Arthur J. Sullivan, Jr.* argued the cause for appellant.

*Mr. Saul A. Wolfe* argued the cause for petitioners-respondents (*Messrs. Skoloff & Wolfe,* attorneys).

*Mr. Harry Haushalter,* Deputy Attorney General, argued the cause for respondents-respondents (*Mr. William F. Hyland,* Attorney General, attorney; *Mr. Richard M. Conley,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

LYNCH, P. J. A. D.  The City of Clifton appeals from the action of the Division of Tax Appeals adopting the *Preliminary*[1] Equalization Table considered by the Passaic County Board of Taxation (county board) on February 1, 1974, as the proper equalization table for 1974, and declaring null and void the Final Equalization Table which the county board had adopted on March 11, 1974.

As will be seen, before the hearings in the Division opened the county board advised the Division that it had been in error in its adoption of the Final Table and that it agreed that adoption of the Preliminary Table was the correct course.

The difference between the County Board's Preliminary and Final Tables was that the Preliminary Table utilized the ratios computed for each taxing district by the Director of the Division of Taxation ("Director's average ratio") to determine the *1972* true value of real property in *all* taxing

---

[1]We italicize to point up the significant differences between the "Preliminary" and "Final" Tables.

districts of Passaic County for *1974* County equalization purposes, whereas the Final Table used the so-called "page 8" formula[2] to determine the *1972* true value for *1974* equalization purposes of Clifton, Hawthorne, Passaic and Paterson ("Clifton Districts").[3] The 1972 true value is a factor in determining the 1974 equalization tables. See *Willingboro v. Burlington Cty. Bd. of Taxation,* 62 *N. J.* 203, 211–213 (1973).

When the county board adopted the Final Table the eight respondent taxing districts filed a petition with the Division challenging the equalization ratios that had thereby been adopted. As we have said, at the beginning of the hearings in the Division the county board stated that it had concluded its Final Table was in error and that the Preliminary Table was the correct one. The City of Clifton was thereupon substituted as the primary defender of the Final Table. The Division approved the Preliminary Table. Clifton alone appeals that decision.

The issue here is whether the true value established by the page 8 formula for the Clifton districts in 1972, a year in which they effected a complete revaluation, may be used by a county board when computing the equalization ratio for those taxing districts in subsequent years (here 1974) in a situation where the board does not use the page 8 formula for the remaining taxing districts in the county.

In an inflationary period such as the present, a taxing district permitted to use the page 8 formula in a nonrevaluation year will benefit substantially. See *Willingboro, supra,* 62

[2]The "page 8" formula is described in *Willingboro v. Burlington Cty. Bd. of Taxation,* 62 *N. J.* 203, 221 *et seq.* (1973).

[3]Clifton, Hawthorne, Passaic and Paterson conducted complete revaluations of properties effective January 1, 1972. Therefore, the Director's sales survey for these municipalities (from which the Director's average ratio is derived) covered only the period January 1, 1972 to June 30, 1972, rather than July 1, 1971 to June 30, 1972, which was the period surveyed for Passaic communities that had not revalued for 1972. See *Willingboro v. Burlington Cty. Bd. of Taxation,* 62 *N. J.* 203, 216, n. 9 (1973).

*N. J.* at 222–223. For instance, application of the page 8 formula to Clifton for the tax year 1974 would reduce its equalized true value from $1,109,026,937 to $1,051,744,239, a reduction of some $57,000,000. The decision of the Division recites that this would mean a savings for Clifton of $400,000 in county taxes and the concomitant transfer of that burden to other Passaic communities.

The rule in this State is that a method of equalization is acceptable only if it is "fair over the long run and substantially free from disparity of method *as between taxing districts."* *Willingboro, supra,* 62 *N. J.* at 227. Therefore, in approaching the question here we must focus on the comparative treatment afforded taxing districts that revalued in a particular year as against those that did not.

In 1970 ten districts in Passaic County revalued, and in each of the years after 1970 the Director's average ratio was used to compute the equalization ratios for those districts. In 1972 the Clifton districts revalued. As we have said, in adopting its 1974 Final Equalization Table for those districts the county board used a 1972 true value computed not on the basis of the Director's ratio but rather pursuant to the page 8 formula. The issue therefore reduces itself to the propriety of applying the page 8 formula to the Clifton districts for 1974 while denying this advantage to the other 12 districts in the county.

The page 8 formula was designed to avoid having a disproportionate share of the county tax burden levied on a district which has a new revaluation in a particular tax year as against districts which did not revalue for that year. *Willingboro, supra,* 62 *N. J.* at 221–222. The disproportion would result if the county board followed the usual practice of applying the Director's ratio to such a revalued district. The Director's ratio utilizes sales and assessments which predate the assessments of the revaluation year. *Willingboro,* 62 *N. J.* at 217. Thus the values used in the compilation of the Director's ratio are materially lower than the later inflation-influenced valuations produced in a revaluation. Ap-

plication of the Director's ratio to a district in the year of its revaluation would therefore ascribe to such a district grossly distorted valuations for equalization purposes. *Willingboro,* 62 *N. J.* at 210–211. The consequence would be to impose upon revalued districts an unequal burden of county taxes. It was to alleviate such inequality that the page 8 formula was devised. *Willingboro,* 62 *N. J.* at 221–222.

In determining the equalization rate the page 8 formula is appropriately applied in a district only in the year in which it revalues. There is no reason for utilizing the formula in determining the equalization rate in years subsequent to the revaluation in which no revaluation occurs. Yet Clifton here contends that the true value derived from the application of the page 8 formula in its revaluation year of 1972 should be used in its nonrevaluation year of 1974. We disagree. As stated above, if the page 8 formula were to be so applied, inequality of the county tax burden would be visited on the remaining 12 districts in the county that did not revalue for 1972. We conclude that such treatment would be invidiously discriminatory as to the other districts.

We again note that in 1970 ten districts in Passaic County revalued their ratables, but in the years subsequent to the revaluation year they were not accorded application of the page 8 formula. If in 1974 Clifton is to be given the benefit of the page 8 formula as applied in 1972 by reason of its revaluation in that year, why should not the other districts be similarly treated as to their 1970 revaluations? Clearly the Final Table discriminated by giving the Clifton districts a benefit which was not accorded other districts.

As for the Preliminary Table, we hold that the use of the Director's average ratio as it was applied therein is a fair and reasonable method of equalization. See *Willingboro, supra,* 62 *N. J.* at 225. Since the preliminary table applied this method equally to all Passaic municipalities, that table was an acceptable one. Therefore, the decision of the Division of Tax Appeals is affirmed.